### OLIVER *vs.* THE STATE OF GEORGIA.

[This case was argued at the last term, but was ordered re-argued at the present term.]

Where an execution has on it a levy on sufficient personalty to satisfy it, and no disposition thereof appears, the presumption is that the *fi. fa.* was satisfied.

Levy and sale. Executions. Presumptions. Before Judge WRIGHT. Decatur Superior Court. November Adjourned Term, 1878.

Reported in the decision.

FLEMING & RUSSELL; JNO. E. DONALDSON; GURLEY & THOMAS, for plaintiff in error.

BOWER & CRAWFORD, for defendant.

WARNER, Chief Justice.

This case arose in a contest between Oliver and the state over a sum of money brought into court by Oliver, under a *fi. fa.* owned by him, raised by sale of the property of Thomas F. Hampton.

Oliver's *fi. fa.* against Hampton is dated 10th January, 1859, but is based on a judgment dated 3d of December, 1857.

The state's *fi. fa.* is dated 14th April, 1874, issued by comptroller-general against W. E. Griffin, tax collector, and Hampton *et al.*, as securities on tax collector's bond; dated 21st January, 1873.

The money being in court, the state, by its counsel, moved that the money be paid to the state as a prior lien.

Oliver, in answer to the motion, set up, as reasons why the money should be awarded to him on his *fi. fa.*, the following:

1. That the money was raised by him out of Hampton's property, under his *fi. fa.*, which was the oldest and the prior lien.

2. Because the state's *fi. fa.* is not for taxes due the state, but was for default of W. E. Griffin, tax collector, in failing to settle his accounts with the comptroller-general as required by section 909 of the Code.

3. Because the state's *fi. fa.* is not for taxes due the state by Hampton, but was against him as a mere security for W. E. Griffin, tax collector.

4. Because on the 21st January, 1873, at the time Hampton signed the bond, he was clerk of the superior court of Decatur county, and for that reason it is, as to him, illegal and void.

5. Because Hampton signed the bond with the understanding and agreement with his principal, Griffin, that R. H. Whitely should also sign it, before it should be filed and approved, which was known to the ordinary approving it, and that Whitely did not so sign it as a co-security.

The presiding judge struck the last ground on demurrer, and upon hearing all the other grounds on the motion and answer untraversed, awarded the whole of the fund in court to the state. Whereupon Oliver excepted, and alleges all of said rulings as error.

The defendant in error insisted, on the argument here, that the judgment of the court below was right, whatever view might be taken of the other questions in the case, because it appears on the face of Oliver's *fi. fa.*, which was claiming the money, that it had been levied on personal property of one of the defendants therein of sufficient value to satisfy the same, which had not been accounted for.

The *fi. fa.* is for the sum of $374.24 besides interest. It

appears from the *fi. fa.* in the record which was in evidence before the court claiming the money, that it was, on the 5th of August, 1874, levied on twenty bales of cotton as the property of one of the defendants therein, which levy is not accounted for by any evidence in the record. The legal presumption therefore is (in the absence of any evidence to the contrary), that the execution was satisfied and not entitled to claim the money in court, and we affirm the judgment of the court upon this ground, inasmuch as we are not all satisfied as to the proper construction to be given to the statutes in regard to the state's priority of lien, on the statement of facts as disclosed in this record.

Let the judgment of the court below be affirmed.